PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



───────────────────────────────

SANJAY TRIPATHY,

    Plaintiff,

-v-                                                                21-CV-6267-FPG
                                                                   ORDER
ANDREA N. SCHNEIDER, T. LONEY,
SAMICK, DECOTTON, JEFF MCKOY,
ANTHONY J. ANNUCCI,

    Defendants.

───────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff, Sanjay Tripathy, a prisoner currently incarcerated at the Fishkill Correctional Facility, filed this civil rights action seeking relief under 42 U.S.C. § 1983. ECF No. 1. Plaintiff alleges that he has been wrongfully denied the ability to pursue online educational opportunities and discriminated against based on his race, as more particularly described in the Complaint. *Id.*

For the reasons that follow, Plaintiff's Complaint will be dismissed under 28 U.S.C. § 1915A unless he files an amended complaint as directed below.

## DISCUSSION

Plaintiff has paid the filing fee in full. Therefore, under 28 U.S.C. § 1915A, this Court must screen this Complaint. Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to

state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2). Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). But leave to amend pleadings may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## I.   The Complaint

In evaluating the Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in *pro se* cases after *Twombly*: "even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

A liberal reading of the Complaint and attached documents, assumed to be true, tells the following story. Prior to his incarceration, Plaintiff worked for over 25 years in the private sector

and was a Senior Vice President of an international company. ECF No. 1 at 5. He holds advanced degrees and qualifications, and expertise in information technology and computer science, business and management, and law. *Id.* During his incarceration, Plaintiff has volunteered as a transitional services clerk, teacher's aide and other low-level skills work. *Id.* at 6. "All the activities Plaintiff is involved in is just to pass time and has no/zero value for the Plaintiff to enhance his skills to better prepare for the future after incarceration." *Id.* The New York State Department of Corrections and Community Supervision ("DOCCS") currently offers only correspondence courses, "none of which have any ability to enhance Plaintiff's skills." *Id.* Instead, Plaintiff has asked to be allowed to "access accredited online educational opportunities under supervision and control of DOCCS, with zero additional cost to DOCCS/taxpayers." *Id.* at 8.

Plaintiff has talked with his counsellor, Defendant DeCotton, about programs and skill developments who has "firmly and plainly stated that this is what DOCCS offers, take it or leave it and there is nothing I or anyone at DOCCS can do." *Id.* at 6. DeCotton advised Plaintiff to "stay out of trouble and pass your time." *Id.* Plaintiff also wrote to Defendants DOCCS Deputy Commissioner Jeff McKoy and Acting Superintendent Andrea Schneider requesting that he be given access to appropriate skills-based training programs, including online education or temporary release. *Id.* at 6, 12-14. Defendant Loney replied on behalf of Schneider explaining that online secondary education courses were not offered and instructed Plaintiff to contact Defendant Academic Supervisor Samick for additional information. *Id.* at 6, 15. He encouraged Plaintiff to "continue sharing [his] knowledge with others by working as an IPA." *Id.* at 15. Plaintiff states that these activities "[do] nothing to enhance my skills." *Id.* at 6. Samick also stated that DOCCS "only supports print-based College Correspondence through accredited institutions," and provided Plaintiff with a list of programs. *Id.* at 6, 16. Plaintiff claims that

Defendants have "denied, doged [sic] and hid behind the fact that DOCCS has nothing to offer, and regretfully increased the discrimination towards the Plaintiff, saying you don't matter, and we don't worry or care about you as you are a minority." *Id.*

Plaintiff filed grievances related to these concerns, which were denied. *Id.* at 7, 17-20. Pursuant to its mission statement and policies, DOCCS seeks to "offer opportunities for inmates . . . to improve their skills . . . based on their ability and willingness to participate." *Id.* at 9, 11. Plaintiff claims DOCCS has failed to "devise policies, procedures, programs, training and other institutional practices to identify, fix and rectify systemic failures either proactively or after they have been made aware." *Id.* at 7. Plaintiff states that, given his educational background and experience, "there are no accredited correspondence courses available that can meet his needs, thus the only option is suitable online education courses (e.g. Harvard Business School's online courses), which can be safely provided (keeping in mind DOCCS security needs) inside the prisons provided DOCCS Is willing to look at the opportunities." *Id.* at 10. Plaintiff's skills, "which were current before incarceration have substantially degraded" during his incarceration and will "prevent him from gaining meaningful employment and again be a productive member of society" upon his eventual release. *Id.* at 8.

Plaintiff seeks injunctive relief directing DOCCS to "fully enable the Plaintiff to start his online education within 30 days at no additional cost to DOCCS." *Id.* at 10.

**II.    Section 1983 Claims**

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d

4

865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal quotation marks and citation omitted).

### 1. Due Process Claim

Plaintiff alleges he has been denied meaningful access to educational programs. The Court notes that there is no property or liberty interest in a particular or individualized educational program in prison. *Toney v. Goord*, No. 04-CV-1174, 2006 WL 2496859, at *2 (N.D.N.Y. Aug. 28, 2006) (rejecting prisoner's argument that inmates were entitled to a particularized educational program, tailored to meet their own individual needs). Indeed, it is well settled that N.Y. Correction Law § 136[1] does not confer a property or liberty interest in an educational or any other type of program. *See e.g. Handberry v. Thompson*, 446 F.3d 335, 354-55 (2d Cir. 2006); *Lane v. Reid*, 575 F. Supp. 37, 39 (S.D.N.Y. 1983)). Where, as here, Plaintiff has not alleged he was

---

[1] N.Y. Correction Law § 136 provides, in relevant part that "[t]he objective of correctional education in its broadest sense should be the socialization of the inmates . . . . To this end each inmate shall be given a program of education which, on the basis of available data, seems most likely to further the process of socialization."

wholly denied participation in an educational program or that the educational programs provided are unsuited to the general goal of rehabilitation, any such claim must be dismissed. *See Toney*, 2006 WL 2496859, at *2.

Additionally, to the extent that Plaintiff's allegations can be construed as a claim that DOCCS failed to follow its own policies in failing to provide educational programs, the Court notes that an inmate's allegation that a prison rule or state regulation has been violated does not necessarily state a constitutional claim. *See Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995); *Bolden v. Alston*, 810 F.2d 353, 358 (2d Cir.), cert. denied, 484 U.S. 896 (1987); *Concourse Rehab. & Nursing Ctr., Inc. v. DeBuono*, 179 F.3d 38, 43 (2d Cir. 1999) ("As we repeatedly have explained, the failure of a State authority to comply with State regulations cannot alone give rise to a § 1983 cause of action"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) ("[A] state authority's failure to comply with its own statutory regulations does not facially implicate an interest secured by the laws of the United States in order to assert a § 1983 claim"). Plaintiff fails to establish how DOCCS is failing to provide "opportunities for inmates . . . to improve their skills," as stated in their mission statement and policies, by declining to expand its correspondence programs to include online educational programs specifically for Plaintiff's benefit. ECF No. 1 at 11. Indeed, the policy at issue does not specify any detailed education programs. *Id.* Thus, Plaintiff fails to allege he was denied any constitutional rights.

### 2. Equal Protection Claim

Plaintiff states he has been discriminated against on the basis of race and that the correspondence programs offered to all inmates do not specifically benefit him. "To state an equal protection claim, a plaintiff must charge a governmental officer 'not only with deliberately interpreting a statute against the plaintiff, but also with singling him out alone for that

6

misinterpretation.'" *Brady v. Town of Colchester*, 863 F.2d 205, 216 (2d Cir. 1988) (quoting *Burt v. City of New York*, 156 F.2d 791, 792 (2d Cir. 1946)). To establish such intentional or purposeful discrimination, it is axiomatic that a plaintiff must allege that similarly situated persons have been treated differently. *See City of Cleburne v. Cleburne Living Cntr.*, 473 U.S. 432, 439 (1985); *Yale Auto Parts v. Johnson*, 758 F.2d 54, 61 (2d Cir. 1985). Alternatively, a plaintiff raising a selective treatment claim must show that he was treated differently from other similarly situated individuals and that the differential treatment was based on impermissible considerations. *See Skehan v. Vill. of Mamaroneck*, 465 F.3d 96, 110 (2d Cir. 2006), over*ruled on other grounds by Appel v. Spiridon*, 531 F.3d 138 (2d Cir. 2008).

Here, Plaintiff states that he is being discriminated against because he is a minority and that, given his education, experience and expertise, he is being denied "meaningful opportunities to enhance his skills," that are provided to other inmates. ECF No. 1 at 9. Specifically, he alleges Defendants told him, "you don't matter, and we don't worry or care about you as you are a minority." ECF No. 1 at 6. He alleges that he has been denied educational enhancement "opportunities available to most other inmates." *Id.* at 9. These conclusory allegations that Plaintiff was discriminated against on the basis of his race or his educational needs—indeed, online education programs are not available to any inmates—are insufficient to establish an equal protection claim at this initial stage of litigation.

### 3. Leave to File an Amended Complaint

In general, district courts should give *pro se* litigants leave to amend their complaints before facing final dismissal. *Cuoco*, 222 F.3d at 112. The Court will, therefore, permit Plaintiff to file an amended complaint in which the necessary factual allegations, if in existence, are included to address the statute of limitations and state a cause of action as detailed, *supra*.

*Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a *pro se* litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed. R. Civ. P. 15(a)(2) ("court should freely give leave when justice so requires").

## CONCLUSION

For the reasons discussed above, Plaintiff's Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915A unless Plaintiff files an amended complaint **within 60 days of the date this Order is entered** in which he includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of Federal Rules of Civil Procedure. Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. Int'l Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, Plaintiff's amended complaint **must include all of the allegations against the named Defendants** so that it may stand alone as the sole complaint in this action which the Defendants must answer.

## ORDER

IT HEREBY IS ORDERED, that Plaintiff is granted leave to file an amended complaint only as directed above **within 60 days of the date of this Order;**

FURTHER, that the Clerk of Court is directed to send to Plaintiff this Order, a copy of the original Complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that if Plaintiff does not file an amended complaint as directed above, the Clerk of Court shall close this case as dismissed with prejudice without further order;

FURTHER, that if Plaintiff does not file an amended complaint as directed above, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

DATED: April 21, 2021
Rochester, NY

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court